# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

| | | |
|---|---|---|
| RICHARD A. JILES, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CV417-043 |
| | ) | CR415-194 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## <u>ORDER</u>

In response to Richard A. Jiles' 28 U.S.C. § 2255 motion, the Court directed him to file his missing signature page (he has) and the United States to respond, particularly to his "lost-appeal" claim.[1] *Jiles v. United States*, 2017 WL 942117 at * 2 (S.D. Ga. Mar. 10, 2017). The Government conceded that Jiles is entitled to an evidentiary hearing on

---

[1] Defense counsel has a duty to consult with his client about an appeal, and his failure to do so can constitute ineffective assistance of counsel (IAC). *Roe v. Flores–Ortega*, 528 U.S. 470, 480 (2000); *Green v. United States*, 2017 WL 843168 at * 1 (S.D. Ga. Mar. 3, 2017). Ignoring an appeal request is *per se* IAC. *Roe*, 528 U.S. at 483-86; *Gaston v. United States*, 237 F. App'x 495, 495 (11th Cir. 2007).

To assist counsel, this Court routinely distributes a "NOTICE OF COUNSEL'S POST–CONVICTION OBLIGATIONS" form. It compels counsel and client to confer, then witness each other's signatures under the defendant's appeal choice. It also directs attorneys to file the Notice in the record. This Court has repeatedly cited "no-appeal" Notices to summarily deny lost-appeal claims. *See, e.g., Green*, 2017 WL 843168 at * 1 ("But movant expressly told her lawyer, in writing, not to file an appeal after she was fully informed of her appellate rights. . . . Her bare assertion to the contrary now cannot overcome what she swore to be true shortly after sentencing."); *Medlock v. United States*, 2016 WL 5338514 at * 1 (S.D. Ga. Sept. 22, 2016) (same).

whether he asked his appointed lawyer, Charles V. Loncon, to appeal his conviction.[2] CR415-194, doc. 36 at 5-6. The Court directed Loncon to explain why the record is bereft of the "NOTICE OF COUNSEL'S POST–CONVICTION OBLIGATIONS" form that it had distributed to him upon his initial appearance.[3] Doc. 37 (citing doc. 12).

In his 28 U.S.C. § 1746 Declaration, Loncon insists he fully consulted with Jiles, who then elected not to appeal. Doc. 38-1 at 4. Loncon then declares:

> I had printed the Notice of Counsel Post-Conviction Obligations and brought it to Court for sentencing. My recollection of the events is simply that I reviewed the waiver with Mr. Jiles following sentencing, obtain[ed] his signature, and handed that form to the courtroom clerk.

*Id.*¶ 15.

The "Clerk's Minutes" of the Sentencing Hearing make no mention of the Notice. Doc. 24. Nor does that deputy recall Loncon handing to

---

[2] *See Moore v. United States*, 2014 WL 1152860 at *19 (S.D. Ala. Mar. 21, 2014) (ordering evidentiary hearing on conflicting evidence whether movant instructed attorney to file an appeal); *Johnson v. United States*, 2013 WL 6799204 at *11 (M.D. Fla. Dec. 23, 2013) ("Where, as here, a decision on counsel's ineffectiveness for failure to file a notice of appeal requires a credibility determination and the pleadings are insufficient to establish the content of the communications between a defendant and his counsel, an evidentiary hearing is necessary. *Gomez–Diaz v. United States*, 433 F.3d [788, 792 (11th Cir. 2005)].").

[3] *See Mingo v. United States*, 2014 WL 4702577 at * 1 (S.D. Ga. Sept. 22, 2014) (similar directive in another "lost appeal" case).

her Jiles' executed Notice form.   For that matter, the preprinted portion of the Notice reminded Loncon that:

> [c]ounsel must file this form in the trial-court record of the defendant's case within ten business days following its completion. Attach this as the second page of a document bearing the caption of your client's case with this title: "POST–CONVICTION CONSULTATION CERTIFICATION."

Doc. 12 (Notice) at 4.[4]

Meanwhile, it costs movants like Jiles nothing to file a § 2255 motion (since it's a *motion* in a criminal case, there is no fee),[5] and it is

---

[4]  In the past the Court has warned that it may assess against counsel the estimated $10,000 expense caused by counsel's failure to consult *and* document that fact by filing such Notice in the record.   *Mingo v. United States*, 67 F.Supp.3d 1370, 1372 (S.D. Ga. 2014).   Claiming that "I may have given it to" some unnamed court staff member will not suffice.   *See id.* at 1371 (defense counsel, in another "missing Notice" case, declared that he "handed the Notice to the courtroom deputy clerk to file.").   Lawyers appearing before the undersigned must file the Notice *directly* with the Clerk of Court. Do *not* hand it to any other court staff.

It is worth reminding that the Notice has spared lawyers from having to testify at "lost appeal" evidentiary hearings.   *See, e.g., Price v. United States*, 2017 WL 525869 at * 4 (S.D. Ga. Feb. 8, 2017) (counsel's filed Notice and accompanying declaration "rebut Price's § 2255 claim that counsel 'neglected to apprise me of the advantages and disadvantages of filing a direct appeal in my criminal case.'"), *adopted*, 2017 WL 11393058 (S.D. Ga. Apr. 11, 2017).   District judges can assist this process by noting on the record, after sentencing, that counsel is obligated to complete and file the Notice. Extra copies of the Notice (which is also on the Court's website) should be availed in the courtroom.   And all of this should be reflected in the Minutes Order.

[5]  "What has been happening in 'lost Notice' cases . . . is that the guilty-plea convicted defendant gets sentenced, and then is free to examine the record and spot a missing Notice.   Later, at no cost to him (there is no filing fee for § 2255 motions), he may file a § 2255 motion claiming he wanted to appeal but his lawyer ignored him."   *Mingo*, 67 F.Supp.3d at 1372 n. 3, quoted in *Bing v. United States*, 2015 WL 4092699 at * 1 (S.D. Ga. July 6, 2015).

far too easy to casually lie about such matters. Hence, it is worth eliciting written declarations from such movants ahead of any evidentiary hearing. *See Mingo v. United States*, 2014 WL 5393575 (S.D. Ga. Oct. 23, 2014) (sending movant a special 28 U.S.C. § 1746 Declaration form for him to "affirm or rebut" his appointed lawyer's assertions on his claim that counsel ignored his directive to file an appeal), cited in *Marshall v. United States*, 2015 WL 3936033 at * 2 (S.D. Ga. June 26, 2015) ("It is this Court's practice to request sworn affidavits or 28 U.S.C. § 1746 Declarations from allegedly errant lawyers and movants before a hearing.").[6]

Within 21 days of the date this Order is served, Jiles shall complete and place within his prison's mail system the attached *"Mingo* Statement,"* on which he shall affirm or rebut each and every paragraph

---

[6]    This measure gels with the fact that a live evidentiary hearing is not always necessary:

> When the judge that tried the underlying proceedings also presides over the § 2255 motion, a less-than full-fledged evidentiary hearing may permissibly dispose of claims where the credibility assessment would inevitably be adverse to the petitioner. The court may forgo a full hearing and instead request letters, documentary evidence, and affidavits to aid in its resolution of the claim.

*Lin Guang v. United States*, 2013 WL 870266 at * 2 (S.D.N.Y. Mar. 7, 2013) (quotes, alterations and cites omitted), quoted in *Reed v. United States*, 2014 WL 1347455 at * 2 (S.D. Ga. Apr. 4, 2014).

of Loncon's Declaration (the Clerk shall send him an extra copy of that with this Order).[7]  The Court is particularly interested in his response to paragraphs 14 and 15.  He is free to abandon this matter by moving to dismiss his § 2255 motion, or by simply not responding -- thus triggering a non-prosecution dismissal under Fed. R. Civ. P. 41(b).[8]

  **SO ORDERED,** this 27th day of April, 2017.

*J.L. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[7]  The Court reiterates its perjury warning.  Doc. 34 at 3.

[8]  In *Mingo*, the Court considered defense counsel's affidavit about a similar lost appeal claim.  Counsel swore to facts adverse to § 2255 movant Mingo.  *Mingo*, 2014 WL 4926278 at * 1.  The Court directed Mingo to rebut that on a § 1746 Declaration form.  It also warned him that it would tolerate no perjury.  Rather than comply, he moved to dismiss his case, and it was promptly granted.  *Mingo v. United States*, CR612-018, docs. 1082, 1083 & 1088 (S.D. Ga. 2014); *see also Williams v. United States*, CV616-063, doc. 4 (S.D. Ga. June 20, 2016) ("Evidently heeding the Court's perjury warning, *Williams v. United States*, 2016 WL 3194368 at * 2 (S.D. Ga. June 6, 2016), Willie Williams moves the Court to dismiss his 28 U.S.C. § 2255 motion. CR614-001, doc. 128. The motion should be GRANTED."); *Marshall v. United States*, 2015 WL 3936033 at * 2 (S.D. Ga. 2015) (also ordering supplemental statements subject to perjury); *Watson v. United States*, 2016 WL 3581938 at *2 n. 1 (S.D. Ga. June 27, 2016); *id.* at * 1 (rejecting his *Mingo* Statement explanation and advising dismissal), *adopted*, 2016 WL 5723673 (S.D. Ga. Sept. 29, 2016), cited in *Garrett v. United States*, 2017 WL 810294 at * 3 (S.D. Ga. Feb. 2, 2017).

# UNITED   STATES   DISTRICT   COURT

# SOUTHERN   DISTRICT   OF   GEORGIA

# SAVANNAH DIVISION

RICHARD A. JILES,      )
                           )
     Movant,          )
                           )
v.                        )        CV417-043
                           )        CR415-194
UNITED STATES OF AMERICA,  )
                           )
     Respondent.     )

# <u>RICHARD A. JILES STATEMENT</u>

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**NOTE: ATTACH ANY NEEDED ADDITIONAL PAGES. THEY WILL BE INCORPORATED HERE, AND THUS SUBJECT TO 28 U.S.C. § 1746.**

**Pursuant to 28 U.S.C. § 1746, I declare, under penalty of perjury, that the foregoing is true and correct and that this was placed in my prison's mailing system on _____, 2017.**

_____
**RICHARD A. JILES**