# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

RICHARD A. JILES,                )
                                 )
    Movant,              )
v.                               )    CV417-043
                                 )    CR415-194
UNITED STATES OF AMERICA,        )
                                 )
    Respondent.          )

## ORDER

In response to Richard A. Jiles' 28 U.S.C. § 2255 motion, the Court directed him to file his missing signature page (he has) and the United States to respond, particularly to his "lost-appeal" claim.[1] *Jiles v. United States*, 2017 WL 942117 at * 2 (S.D. Ga. Mar. 10, 2017). The

---

[1] Defense counsel generally has a duty to consult with his client about an appeal, and his failure to do so can constitute ineffective assistance of counsel (IAC). *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000); *Green v. United States*, 2017 WL 843168 at * 1 (S.D. Ga. Mar. 3, 2017). Ignoring an appeal request is *per se* IAC. *Roe*, 528 U.S. at 483-86; *Gaston v. United States*, 237 F. App'x 495, 495 (11th Cir. 2007).

To assist counsel, this Court routinely distributes a "NOTICE OF COUNSEL'S POST-CONVICTION OBLIGATIONS" form. It compels counsel and client to confer, then witness each other's signatures under the defendant's appeal choice. It also directs attorneys to file the Notice in the record. This Court has repeatedly cited "no-appeal" Notices to summarily deny lost-appeal claims. *See, e.g., Green*, 2017 WL 843168 at * 1 ("But movant expressly told her lawyer, in writing, not to file an appeal after she was fully informed of her appellate rights. . . . Her bare assertion to the contrary now cannot overcome what she swore to be true shortly after sentencing."); *Medlock v. United States*, 2016 WL 5338514 at * 1 (S.D. Ga. Sept. 22, 2016) (same).

1

Government conceded that Jiles is entitled to an evidentiary hearing on whether he asked his appointed lawyer, Charles V. Loncon, to appeal his conviction.[2] CR415-194, doc. 36 at 5-6. The Court directed Loncon to explain why the record is bereft of the "NOTICE OF COUNSEL'S POST-CONVICTION OBLIGATIONS" form that it had distributed to him upon his initial appearance.[3] Doc. 37 (citing doc. 12).

Loncon claimed he fully consulted with Jiles, who then elected not to appeal. Doc. 38-1 at 4. Loncon then represented to this Court:

> I had printed the Notice of Counsel Post-Conviction Obligations and brought it to Court for sentencing. My recollection of the events is simply that I reviewed the waiver with Mr. Jiles following sentencing, obtain[ed] his signature, and handed that form to the courtroom clerk.

*Id.* ¶ 15.

---

[2] *See Moore v. United States*, 2014 WL 1152860 at *19 (S.D. Ala. Mar. 21, 2014) (ordering evidentiary hearing on conflicting evidence whether movant instructed attorney to file an appeal); *Johnson v. United States*, 2013 WL 6799204 at *11 (M.D. Fla. Dec. 23, 2013) ("Where, as here, a decision on counsel's ineffectiveness for failure to file a notice of appeal requires a credibility determination and the pleadings are insufficient to establish the content of the communications between a defendant and his counsel, an evidentiary hearing is necessary. *Gomez-Diaz v. United States*, 433 F.3d [788, 792 (11th Cir. 2005)].").

[3] *See Mingo v. United States*, 2014 WL 4702577 at * 1 (S.D. Ga. Sept. 22, 2014) (similar directive in another "lost appeal" case).

The "Clerk's Minutes" of the Sentencing Hearing, however, bear no mention of the Notice. Doc. 24. Nor does that deputy recall Loncon handing to her Jiles' executed Notice form. And the preprinted portion of the Notice reminded Loncon that:

> [c]ounsel must file this form in the trial-court record of the defendant's case within ten business days following its completion. Attach this as the second page of a document bearing the caption of your client's case with this title: "POST-CONVICTION CONSULTATION CERTIFICATION."

Doc. 12 (Notice) at 4.[4]

---

[4] In the past the Court has warned that it may assess against counsel the estimated $10,000 expense caused by counsel's failure to consult *and* document that fact by filing such Notice in the record. *Mingo v. United States*, 67 F. Supp. 3d 1370, 1372 (S.D. Ga. 2014). Faced with that potential consequence, it's far too tempting to claim "I may have given it to" some unnamed court staff member. Indeed, the Court has been down this road before. *See id.* at 1371 (defense counsel, in another "missing Notice" case, declared that he "handed the Notice to the courtroom deputy clerk to file.").

Henceforth, lawyers appearing before the undersigned must file the Notice *directly* with the Clerk of Court. They may *not* hand it to any other court staff. Claiming to have done so will not insulate them from the $10,000-expense sanction. And it goes without saying that counsel should retain a file-stamped copy of their *filed* Notice for their own records (Loncon has not produced one here, and he should have noticed that no "Notice" docketing email issued after he claimed to have handed his over to a courtroom deputy).

Finally, it is again worth reminding that the Notice has spared many a lawyer from having to testify at "lost appeal" evidentiary hearings. *See, e.g., Price v. United States*, 2017 WL 525869 at * 4 (S.D. Ga. Feb. 8, 2017) (counsel's filed Notice and accompanying declaration "rebut Price's § 2255 claim that counsel 'neglected to apprise me of the advantages and disadvantages of filing a direct appeal in my criminal case.'"), *adopted*, 2017 WL 11393058 (S.D. Ga. Apr. 11, 2017). It thus makes sense to ensure its presence on every lawyer's radar screen. Extra copies of the Notice (which

Meanwhile, it costs movants like Jiles nothing to file a § 2255 motion (since it's a *motion* in a criminal case, there is no fee),[5] and it is far too easy to casually lie about such matters. Hence, the Court has routinely elicited written declarations from such movants ahead of any evidentiary hearing. *See Mingo v. United States*, 2014 WL 5393575 (S.D. Ga. Oct. 23, 2014) (sending movant a special 28 U.S.C. § 1746 Declaration form for him to "affirm or rebut" his appointed lawyer's assertions on his claim that counsel ignored his directive to file an appeal), cited in *Marshall v. United States*, 2015 WL 3936033 at * 2 (S.D. Ga. June 26, 2015) ("It is this Court's practice to request sworn affidavits or 28 U.S.C. § 1746 Declarations from allegedly errant lawyers and movants before a hearing.").

---

is also on the Court's website) should also be available in the courtroom. This Court also sends a copy of the Notice upon counsel's first appearance. *See* doc. 12 (Loncon's notice). Courtroom deputies can "Minute Order" document each lawyer's receipt of the Notice at sentencing. And nothing stops prosecutors (who also must have their time consumed at such evidentiary hearings) from stepping across the aisle and handing a copy of the Notice to defense counsel.

[5] "What has been happening in 'lost Notice' cases . . . is that the guilty-plea convicted defendant gets sentenced, and then is free to examine the record and spot a missing Notice. Later, at no cost to him (there is no filing fee for § 2255 motions), he may file a § 2255 motion claiming he wanted to appeal but his lawyer ignored him." *Mingo*, 67 F. Supp. 3d at 1372 n. 3, quoted in *Bing v. United States*, 2015 WL 4092699 at * 1 (S.D. Ga. July 6, 2015)).

It thus directed Jiles to affirm or rebut each and every paragraph of Loncon's Declaration.[6] *Jiles v. United States*, 2017 WL 1536488 at * 3 (S.D. Ga. Apr. 27, 2017). Here is his written response, in its entirety:

> I stated that I told my Plea Lawyer Mr. Loncon prior to my sentencing hearing and after the hearing that I wanted to appeal my sentence, especially the enhance sentence based on what I believe to be unqualifying prior convictions, among other things.
>
> Mr. Loncon told me that he would get back with me on the issue of an appeal. In opposite Mr. Loncon never consulted with me on the issue of an appeal. He never visited the Chatham County Jail (see visitation log). I never signed any documentation stating that I voluntarily waived my rights to a first appeal nor did I tell Mr. Loncon I did not want to appeal my sentence. I never heard from attorney Loncon after my conviction and sentencing and I expressly told him I wanted to appeal.

Doc. 40 at 1-2 (unedited).

---

[6] In *Mingo*, the Court considered defense counsel's affidavit about a similar lost appeal claim. Counsel swore to facts adverse to § 2255 movant Mingo. *Mingo*, 2014 WL 4926278 at * 1. The Court directed Mingo to rebut that on a § 1746 Declaration form. It also warned him that it would tolerate no perjury. Rather than comply, he moved to dismiss his case, and it was promptly granted. *Mingo v. United States*, CR612-018, docs. 1082, 1083 & 1088 (S.D. Ga. 2014); *see also Williams v. United States*, CV616-063, doc. 4 (S.D. Ga. June 20, 2016) ("Evidently heeding the Court's perjury warning, *Williams v. United States*, 2016 WL 3194368 at * 2 (S.D. Ga. June 6, 2016), Willie Williams moves the Court to dismiss his 28 U.S.C. § 2255 motion. CR614-001, doc. 128. The motion should be GRANTED."); *Marshall v. United States*, 2015 WL 3936033 at * 2 (S.D. Ga. 2015) (also ordering supplemental statements subject to perjury); *Watson v. United States*, 2016 WL 3581938 at *2 n. 1 (S.D. Ga. June 27, 2016); *id.* at * 1 (rejecting his *Mingo* Statement explanation and advising dismissal), *adopted*, 2016 WL 5723673 (S.D. Ga. Sept. 29, 2016), cited in *Garrett v. United States*, 2017 WL 810294 at * 3 (S.D. Ga. Feb. 2, 2017).

The two accounts of what happened here cannot be reconciled. Jiles, whose guilty-plea agreement contains no appeal waiver, doc. 19, is therefore entitled to an evidentiary hearing. *Williams v. United States*, 660 F. App'x 847, 849 (11th Cir. 2016) (hearing required upon § 2255 movant's allegation that he received ineffective assistance of counsel because his attorney failed to file the notice of appeal that movant requested; although prisoner signed plea agreement with appeal waiver, he did not waive all of his appellate rights).

Jiles is entitled to new counsel for the hearing and any appeal. *See* 28 U.S.C. § 2255 Rule 8(c); 18 U.S.C. § 3006A; *Nguyen v. United States*, 487 F. App'x 484, 4845 (11th Cir. 2012) (directing district court to appoint counsel for § 2255 movant, then resolve ineffective-assistance claim during required evidentiary hearing); *Reed v. United States*, 2014 WL 1347455 at * 2 n. 7 (S.D. Ga. Apr. 4, 2014). The Deputy Clerk is **DIRECTED** to facilitate that and schedule an evidentiary hearing.

**SO ORDERED,** this 24th day of May, 2017.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA